File No. 10-23373-0
Robert Scott Kennard
State Bar No. 117017
rskennard@nelson-kennard.com
Clifton Inohara
State Bar No. 242375
cinohara@nelson-kennard.com
NELSON & KENNARD
2180 Harvard Street, Ste. 160
P.O. Box 13807
Sacramento, CA 95853
Telephone: (916) 920-2295
Facsimile: (916) 920-0682

Attorneys for Defendant
LAW OFFICES OF NELSON & KENNARD

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| DANA PASQUALE, | **CASE NO. CV11-05265** |
| Plaintiff, | **ANSWER OF NELSON & KENNARD TO COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| LAW OFFICES OF NELSON & KENNARD, | |
| Defendant. | **DEFENDANT DEMANDS JURY TRIAL** |

Defendant LAW OFFICES OF NELSON & KENNARD (hereinafter "Defendant") hereby respond and answer the Verified Complaint and Demand for Jury Trial of Plaintiff DANA PASQUALE as follows:

### INTRODUCTION

1. In response to paragraph 1 of Plaintiff's Complaint, Defendant lacks information sufficient for it to either admit or deny the allegations contained therein and, based thereon, denies each and every allegation contained therein.

1
2
3
4

2.    In response to paragraph 2 of Plaintiff's Complaint, Defendant lacks information sufficient for it to either admit or deny the allegations contained therein and, based thereon, denies each and every allegation contained therein.

5
6
7
8
9

3.    In response to paragraph 3 of Plaintiff's Complaint, Defendant lacks information sufficient for it to either admit or deny the allegations contained therein and, based thereon, denies each and every allegation contained therein.

10

**JURISDICTION AND VENUE**

11
12
13
14

4.    In response to paragraph 4 of Plaintiff's Complaint, Defendant lacks information sufficient for it to either admit or deny the allegations contained therein and, based thereon, denies each and every allegation contained therein.

15
16
17
18
19

5.    In response to paragraph 5 of Plaintiff's Complaint, Defendant admits that it conducts business and is located in the State of California.  Defendant denies each and every other allegation contained therein.

20
21

6.    In response to paragraph 6 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

22

**PARTIES**

23
24
25
26
27

7.    In response to paragraph 7 of Plaintiff's Complaint, Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained therein, and based thereon, denies each and every allegation.

28

8.     In response to paragraph 8 of Plaintiff's Complaint, Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained therein and, based thereon, denies each and every allegation.

9.     In response to paragraph 9 of Plaintiff's Complaint, Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained therein and, based thereon, denies each and every allegation.

10.    In response to paragraph 10 of Plaintiff's Complaint, Defendant admits that its business office is located in Sacramento, California.   Defendant denies each and every other allegation contained therein.

## FACTUAL ALLEGATIONS

11.    In response to paragraph 11 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

12.    Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint, and based thereon, denies each and every allegation therein.   Defendant further denies that at all times relevant, Plaintiff lacked actual knowledge that Defendant's telephone calls, if any, were from a debt collector.

13.    Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained in paragraph 13

1  of Plaintiff's Complaint and, based thereon, denies each and every
2  allegation therein.

3                              **COUNT I**

4  **DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT.**

5      14.   In response to paragraph 14 of Plaintiff's Complaint,
6  Defendant denies each and every allegation contained therein.

7      15.   In response to paragraph 15 of Plaintiff's Complaint,
8  Defendant denies each and every allegation contained therein and
9  specifically denies that Plaintiff has been damaged in any sum or
10 respect whatsoever.

12     16.   In response to paragraph 16 of Plaintiff's Complaint,
13 Defendant denies each and every allegation contained therein and
14 specifically denies that Plaintiff is entitled to costs and/or
15 attorney's fees in any sum or respect whatsoever.

16     17.   In response to paragraph 17 of Plaintiff's Complaint,
17 Defendant denies that it is entitled to any relief whatsoever.

18                             **COUNT II**

19

20 **DEFENDANT VIOLATED THE ROSENTHA FAIR DEBT COLLECTION PRACTICES ACT**

21     18.   In response to paragraph 18 of Plaintiff's Complaint,
22 Defendant repeats its responses to each and every allegation
23 contained in Count I of Plaintiff's Complaint.

24     19.   In response to paragraph 19 of Plaintiff's Complaint,
25 Defendant denies each and every allegation contained therein.

26

27

28

20. In response to paragraph 20 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein and specifically denies that Plaintiff has been damaged in any sum or respect whatsoever.

21. In response to paragraph 21 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein and specifically denies that Plaintiff is entitled to costs and/or attorney's fees in any sum or respect whatsoever.

22. In response to paragraph 22 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

23. The Complaint of Plaintiff fails to state facts sufficient to constitute a claim for relief against Defendant

### SECOND AFFIRMATIVE DEFENSE

24. Plaintiff is estopped to assert the matters complained of in her Complaint by virtue of her own unclean hands and participatory conduct in and about the matters complained of.

### THIRD AFFIRMATIVE DEFENSE

25. Plaintiff failed to mitigate her damages, if any she has, thereby absolving Defendant from any responsibility therefore.

///

///

**FOURTH AFFIRMATIVE DEFENSE**

26. Plaintiff assumed the risk of loss as to each and every claim contained in her Complaint by virtue of her own conduct.

**FIFTH AFFIRMATIVE DEFENSE**

27. To the extent Plaintiff establishes that a violation of the FDCPA may have occurred, Defendant submits that such error was unintentional and occurred notwithstanding procedures maintained by Defendant designed and calculated to preclude such a bona fide error.

**SIXTH AFFIRMATIVE DEFENSE**

28. To the extent Plaintiff establishes that a violation of the FDCPA may have occurred, such violation, if any, was immaterial and therefore not actionable.

**SEVENTH AFFIRMATIVE DEFENSE**

29. To the extent Plaintiff establishes that a violation of the Rosenthal Act may have occurred, Defendant submits that such error was unintentional and occurred notwithstanding procedures maintained by Defendant designed and calculated to preclude such a bona fide error.

**EIGHTH AFFIRMATIVE DEFENSE**

30. To the extent Plaintiff establishes that a violation of the Rosenthal Act may have occurred, such violation, if any, was immaterial and therefore not actionable.

///

1

**NINTH AFFIRMATIVE DEFENSE**

2   31.   As a separate and affirmative defense to the Complaint on

3  file herein, and to each purported cause of action thereof, this

4  answering Defendant alleges that if the facts alleged in the

5  Complaint are true, which facts this answering Defendant

6  specifically denies, then Plaintiff by her words and deeds has

7  consented to the alleged conduct of this answering Defendant, and by

8
   reason of consent, is barred from seeking or securing the relief
9
10  prayed for in her Complaint and each of purported cause of action

11  therein.

12

**TENTH AFFIRMATIVE DEFENSE**

13   32.   As a separate and affirmative defense to the Complaint on

14  file herein, and to each purported cause of action thereof, this

15  answering Defendant alleges that any recovery on Plaintiff's

16  Complaint or claim for relief alleged therein is barred because this

17
   answering Defendant's conduct was privileged and justified.
18

19

**ELEVENTH AFFIRMATIVE DEFENSE**

20   33.   As a separate and affirmative defense to the Complaint on

21  file herein, and to each purported claim for relief alleged therein,

22  this answering Defendant alleges that Plaintiff has failed to name

23  the real party in interest and therefore, Plaintiff's claim should

24  be dismissed.

25

**TWELFTH AFFIRMATIVE DEFENSE**

26

27   34.   As a separate and affirmative defense to the Complaint on

28

1  file herein, and to each purported claim for relief alleged therein,
2  this answering Defendant alleges that Defendant, at all relevant
3  times complied with the Fair Debt Collection Practices Act.

4  **THIRTEENTH AFFIRMATIVE DEFENSE**

5  35.  As a separate and affirmative defense to the Complaint on
6  file herein, and to each purported claim for relief alleged therein,
7  this answering Defendant alleges that Defendant, at all relevant
8  times complied with the Rosenthal Fair Debt Collection Act.
9

10  **FOURTEENTH AFFIRMATIVE DEFENSE**

11  36.  This answering Defendant presently has insufficient
12  knowledge or information on which to form a belief as to whether it
13  may have additional, and not yet alleged, affirmative defenses.
14  Defendant reserves the right to assert additional defenses that are
15  revealed by further investigation or by discovery.
16  ///
17  ///
18  ///
19
20
21
22
23
24
25
26
27
28

1

**PRAYER**

2      WHEREFORE, Defendant LAW OFFICES OF NELSON & KENNARD

3 respectfully prays as follows:

4      (1)   That the Complaint against Defendant is dismissed with

5 prejudice and that Plaintiff take nothing by way of his Complaint;

6      (2)   That Defendant be awarded its attorneys fees, costs, and

7 disbursements incurred in the defense of this action; and

8      (3)   That the Court award Defendant such other and further

9 relief as the Court deems just and proper.

10

11

12

13 Dated: **3/1/12**          By: _____

14                                ROBERT SCOTT KENNARD
Attorney for Defendant

15                                Law Offices of Nelson & Kennard

16

17

18

19

20

21

22

23

24

25

26

27

28