Ryan Lee (SBN: 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x255
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff, DANA PASQUALE.

Robert Scott Kennard (SBN: 117017)
rskennard@nelson-kennard.com
Clifton Inohara (SBN: 242375)
cinohara@nelson-kennard.com
Nelson & Kennard
2180 Harvard St. Ste 160
PO Box 13807
Sacramento, CA 95853
Tel: 916-920-2295
Fax: 916-920-0682

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA PASQUALE, | 4:11-cv-05265-YGR |
| Plaintiff(s), | JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER |
| vs. | |
| LAW OFFICES OF NELSON & KENNARD, | |
| Defendant(s). | |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

1. Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

Page **1** of **6**

*Form updated January 2012*

Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* ("RFDCPA"). Jurisdiction of this Court arises under *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this Court supplemental jurisdiction over the state claims contained therein.

The parties do not believe that currently any outstanding issues exist as to service and/or venue.

2. Facts
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Count I of Plaintiff's Complaint, filed on October 28, 2011, is based on the FDCPA. Count II of the Plaintiff's Complaint is based on the RFDCPA. Plaintiff alleges Defendant used deceptive and misleading representations and claims in connection with the collection of an alleged debt; and that Defendant failed to disclose in communications that it was a debt collector seeking to collect a debt.

Defendant has filed an Answer denying the material allegations of Plaintiff's Complaint and asserting fourteen (14) affirmative defenses thereto.

3. Legal Issues
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Whether Defendant's alleged actions violated the FDCPA and RFDCPA. Whether the RFDCPA applies to the claims alleged.

4. Motions
*All prior and pending motions, their current status, and any anticipated motions.*

At this time there are no pending motions. Defendant is currently reviewing its file to determine whether a motion to compel binding arbitration is appropriate. That motion, if determined to be appropriate will be brought within 60 days. Defendant is also considering a Rule 12 motion

*Form updated January 2012*

challenging Plaintiff's ability to state a claim under the Rosenthal as stated in its second claim for relief.

5. Amendment of Pleadings
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Based on the facts known at this time, neither Plaintiff nor Defendant anticipates filing motions to add other parties. The parties propose a cutoff date to amending the pleadings of April 30, 2012.

6. Evidence Preservation
*Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*

The parties do not foresee any significant issues at this time with evidence preservation or that there is any reason for deviation from the Federal Rules of Civil Procedure or the Local Rules of this Court regarding evidence preservation and/or exchange.

7. Disclosures
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The parties have exchanged Rule 26(a) disclosures.

8. Discovery
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

The Parties agree that discovery will need to be conducted regarding the following subjects: any and all communications between Plaintiff and Defendant; and any and all information pertaining to Defendant's Affirmative Defenses. The parties further agree that discovery should not be conducted in phases or limited. The parties anticipate propounding Interrogatories, Requests for Production, Request for Admission, and deposition of Plaintiff. Depending on the information disclosed, Plaintiff may depose the person most knowledgeable with the facts alleged in Plaintiff's Complaint and the information contained in Defendant's responses to Plaintiff's discovery requests.

*Form updated January 2012*

### 9. Class Actions
*If a class action, a proposal for how and when the class will be certified.*

Not applicable.

### 10. Related Cases
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

The underlying debt is the subject of binding arbitration before the Honorable Ken M. Kawaichi; which Arbitration is being administered by JAMS; Ref # 1110014717.

### 11. Relief
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff alleges that the FDCPA and RFDCPA entitle Plaintiff to a maximum of $2000.00 in statutory damages. Additionally, Plaintiff alleges that the FDCPA and RFDCPA provide for Plaintiff's reasonable attorneys' fees and costs.

### 12. Settlement and ADR
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties anticipate working in effort to settle this case.

### 13. Consent to Magistrate Judge For All Purposes
*Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

Plaintiff does not consent to proceed before a Magistrate Judge for trial.

### 14. Other References
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

Not applicable.

### 15. Narrowing of Issues
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

*Form updated January 2012*

None known at this time.

### 16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not anticipate that this matter is of a type that can be handled on an expedited trial basis.

### 17. Scheduling

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

**Experts:** All parties will provide the disclosures required on or before September 28, 2012. Counter-designations of experts will be made on or before October 31, 2012.

Expert discovery will be completed by October 31, 2012.

**Scheduling:** The parties propose the following cut-off dates:

Fact discovery by October 31, 2012;

Last day for the Court to hear dispositive motions be December 3, 2012;

The Pretrial Conference be held in February 2013; and

Trial in February or March of 2013.

### 18. Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff has demanded a trial by jury. The parties anticipate trial in this matter to take between 2-3 days.

### 19. Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

*Form updated January 2012*

20. <u>Other</u>

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

None known at this time.

| | |
|---|---|
| Dated: May 2, 2012 | /s/ Ryan Lee |
| | Counsel for plaintiff |
| Dated: May 2, 2012 | /s/ Robert S. kennard |
| | Counsel for defendant |

## <u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT/MAGISTRATE JUDGE

*Form updated January 2012*