Ryan Lee (SBN: 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400 x 241
F: (866) 799-3206
rlee@consumerlawcenter.com
Attorney for Plaintiff,
DANA PASQUALE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| DANA PASQUALE,<br><br>　　　　Plaintiff,<br>　　v.<br>LAW OFFICES OF NELSON & KENNARD,<br><br>　　　　Defendant. | Case No.: 4:11-cv-05265-YGR<br><br>**Declaration of Ryan Lee in Response to Order to Show Cause**<br><br>Date:　　May 21, 2012<br>Time:　　2:00 p.m.<br>Honorable  Judge Yvonne Gonzalez Rogers |

## <u>DECLARATION OF RYAN LEE</u>

I, RYAN LEE, hereby declare as follows:

1.　　I am one of the attorneys for Plaintiff in this action. I have personal knowledge of the matters stated herein, and I would testify as set forth herein if called to do so.

2.　　Plaintiff's Verified Complaint was filed with this Honorable Court on October 28, 2011, alleging Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA") and Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq*. ("Rosenthal").  [Doc. No. 1].

3.　　On April 13, 2012, the Court set a Scheduling Conference for May 14 and instructing the parties to submit a Joint Case Management Statement, which was previously filed on March 29.  [Doc. Nos. 12 and 13].

4.　　The order further stated that the Conference should be attended by counsel who

has authority to enter into stipulations, make admissions and address matters referred to in CAND CMC Order and CMC Order and Civil L.R. 16-10(b). [Doc. No. 13].

5. As both the FDCPA and Rosenthal have a maximum of $1000 in statutory damages and a fee shift provision inuring benefit only on a prevailing plaintiff, the expense of travel from Los Angeles, where I am located, to San Francisco would likely exceed the maximum statutory relief as well as make attempt at settlement more difficult given the additional expense. Accordingly, I requested to appear by telephone to avoid the significant time and resources needed, and I was confident in my ability to actively participate in the Conference effectively by telephone.

6. Upon denial of my request, I notified Jacob Sider, an attorney that I have a current and continual working relationship with, and whom I have collaborated with on prior cases. Mr. Sider was fully briefed of the details of the current case and I felt he was fully capable of handling the Conference before this Court. I had complete confidence in Mr. Sider at the Conference, and Mr. Sider was fully authorized to enter into stipulations, to make admissions and discuss any and all matters of this case per the Court's Notice setting the Conference.

7. It was not my intention to ignore or fail to comply with this Court's Standing Order, Federal Rules of Civil Procedure or the local rules for this Court and I felt Mr. Sider was more than capable of handling the May 14 Conference.

8. It is my custom and practice to always comply with court Orders, rules of procedure and any standing orders or instructions. I apologize for any inconvenience that my failure to appear personally at the May 14 Case Management Conference may have caused this Court or counsel for Defendant. I further pray this Court not issue sanctions as my failure to appear was not done in bad faith and was made with sincere belief that Mr. Sider's appearance was appropriate and would effectively further this matter.

9. I declare, under penalty of perjury, that the foregoing is true and correct.

                                    RESPECTFULLY SUBMITTED,

DATED: May 18, 2012          KROHN & MOSS, LTD.
By: /s/ Ryan Lee
Ryan Lee, Esq.
Attorney for Plaintiff