Ryan Lee (SBN: 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400 x 241
F: (866) 799-3206
rlee@consumerlawcenter.com
Attorney for Plaintiff,
DANA PASQUALE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| DANA PASQUALE, | Case No.: 4:11-cv-5265-YGR |
| Plaintiff, | AMENDED COMPLAINT |
| v. | (Unlawful Debt Collection Practices) |
| LAW OFFICES OF NELSON & KENNARD, | |
| Defendant. | |

## AMENDED COMPLAINT

DANA PASQUALE ("Plaintiff"), by her attorneys, KROHN & MOSS, LTD., alleges the following against LAW OFFICES OF NELSON & KENNARD ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Amended Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA").

2. Count II of the Plaintiff's Amended Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* ("RFDCPA").

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, insurers, and attorneys.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Defendant conducts business and is located in the state of California, and therefore, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

7. Plaintiff is a natural person residing in San Jose, Santa Clara County, California.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national corporation with a business office located in Sacramento, California

## FACTUAL ALLEGATIONS

11. Defendant placed collection calls to Defendant seeking payment for an alleged debt.

12. Defendant called Plaintiff and failed to identify itself as a debt collector when leaving voicemail messages for Plaintiff as Defendant did not indicate that it was an attempt to collect a debt. *See* Exhibit A.

13. Defendant told Plaintiff to call back telephone number (866) 920-2296 when leaving voicemail messages for Plaintiff. *See* Exhibit A.

14. Defendant's representative, one Mike Lopez ("Lopez"), has spoken to Plaintiff and on

PLAINTIFF'S COMPLAINT

repeated occasions made threats against her wages and property.

15. Lopez has stated that attorneys are preparing to file a lawsuit against Plaintiff to obtain a judgment, place a lien on her belongings and bank accounts and garnish future income.

16. Lopez has stated that there would be many fees added to the balance allegedly owed, including 10% interest and attorney fees.

17. Lopez has stated that a settlement offer would not be repeated and that Plaintiff had "better take it."

18. To date, Defendant has not initiated any legal action against Plaintiff, as it has repeatedly threatened.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated *§1692e(2)* through the misrepresentation of the character, amount, or legal status of any debt;

   b. Defendant violated *§1692e(4)* by making the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person;

   c. Defendant violated *§1692e(5)* by threatening to take any action that cannot be legally taken or that is not intended to be taken; and

   d. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, DANA PASQUALE, respectfully requests judgment be entered against Defendant, LAW OFFICES OF NELSON & KENNARD, for the following:

20. Statutory damages of $1000.00, pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*; and

22. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

24. Defendant violated the RFDCPA based on, but not limited to, the following:

   a. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*, as set forth in paragraph 14 above.

WHEREFORE, Plaintiff, DANA PASQUALE, respectfully requests judgment be entered against Defendant, LAW OFFICES OF NELSON & KENNARD, for the following:

25. Statutory damages of $1000.00, pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*;

26. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*; and

27. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: May 31, 2012    KROHN & MOSS, LTD.

By: /s/ Ryan Lee
Ryan Lee, Esq.
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, DANA PASQUALE, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DANA PASQUALE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 5/31/2012    _Dana Pasquale_
DANA PASQUALE