```
Robert Scott Kennard
State Bar No. 117017
rskennard@nelson-kennard.com
Clifton Inohara
State Bar No. 242375
cinohara@nelson-kennard.com
NELSON & KENNARD
2180 Harvard Street, Ste. 160
P.O. Box 13807
Sacramento, CA  95853
Telephone:  (916) 920-2295
Facsimile:  (916) 920-0682

Attorneys for Defendant
LAW OFFICES OF NELSON & KENNARD
```

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| DANA PASQUALE, | CASE NO. CV11-05265 |
| Plaintiff, | ANSWER OF NELSON & KENNARD TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |
| vs. | |
| LAW OFFICES OF NELSON & KENNARD, | DEFENDANT DEMANDS JURY TRIAL |
| Defendant. | |

Defendant LAW OFFICES OF NELSON & KENNARD (hereinafter "Defendant") hereby respond and answer the Amended Complaint and Demand for Jury Trial of Plaintiff DANA PASQUALE as follows:

### INTRODUCTION

1. In response to paragraph 1 of Plaintiff's Amended Complaint, Defendant lacks information sufficient for it to either admit or deny the allegations contained therein and, based thereon, denies each and every allegation contained therein.

2. In response to paragraph 2 of Plaintiff's Amended Complaint, Defendant lacks information sufficient for it to either admit or deny the allegations contained therein and, based thereon, denies each and every allegation contained therein.

3. In response to paragraph 3 of Plaintiff's Amended Complaint, Defendant lacks information sufficient for it to either admit or deny the allegations contained therein and, based thereon, denies each and every allegation contained therein.

## JURISDICTION AND VENUE

4. In response to paragraph 4 of Plaintiff's Amended Complaint, Defendant lacks information sufficient for it to either admit or deny the allegations contained therein and, based thereon, denies each and every allegation contained therein.

5. In response to paragraph 5 of Plaintiff's Amended Complaint, Defendant admits that it conducts business and is located in the State of California. Defendant lacks sufficient information or belief to enable it to either admit or deny the remaining allegations contained therein and, based thereon, denies each and every remaining allegation.

6. In response to paragraph 6 of Plaintiff's Amended Complaint, Defendant concedes that venue is appropriate where the Amended Complaint was filed.

///

///

**PARTIES**

7. In response to paragraph 7 of Plaintiff's Amended Complaint, Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained therein, and based thereon, denies each and every allegation.

8. In response to paragraph 8 of Plaintiff's Amended Complaint, Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained therein and, based thereon, denies each and every allegation.

9. In response to paragraph 9 of Plaintiff's Amended Complaint, Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained therein and, based thereon, denies each and every allegation.

10. In response to paragraph 10 of Plaintiff's Amended Complaint, Defendant admits that its business office is located in Sacramento, California. Defendant denies each and every other allegation contained therein.

**FACTUAL ALLEGATIONS**

11. In response to paragraph 11 of Plaintiff's Amended Complaint, Defendant admits the allegations contained therein.

12. Defendant denies that it failed to identify itself as a debt collector attempting to collect a debt where required to so. Defendant further affirmatively asserts that at all times relevant, Plaintiff possessed actual knowledge that Defendant's telephone

calls, if any, were from a debt collector. Defendant alleges that Exhibit A is not attached to Plaintiff's Amended Complaint.

13. Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained in paragraph 13 of Plaintiff's Amended Complaint and, based thereon, denies each and every allegation therein. Defendant alleges that Exhibit A is not attached to Plaintiff's Amended Complaint.

14. In response to paragraph 14 of Plaintiff's Amended Complaint, Defendant denies each and every allegation contained therein.

15. In response to paragraph 15 of Plaintiff's Amended Complaint, Defendant denies each and every allegation contained therein.

16. In response to paragraph 16 of Plaintiff's Amended Complaint, Defendant denies each and every allegation contained therein.

17. In response to paragraph 17 of Plaintiff's Amended Complaint, Defendant denies each and every allegation contained therein.

18. In response to paragraph 18 of Plaintiff's Amended Complaint, Defendant denies each and every allegation contained therein.

///

///

## COUNT I

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT.**

19. In response to paragraph 19 of Plaintiff's Amended Complaint, Defendant denies each and every allegation contained therein. Defendant further alleges that the allegation contained in paragraphs 19a, 19b and 19c have been retracted by Plaintiff.

20. In response to paragraph 20 of Plaintiff's Amended Complaint, Defendant denies each and every allegation contained therein and specifically denies that Plaintiff has been damaged in any sum or respect whatsoever.

21. In response to paragraph 21 of Plaintiff's Amended Complaint, Defendant denies each and every allegation contained therein.

22. In response to paragraph 22 of Plaintiff's Amended Complaint, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II

**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

23. In response to paragraph 23 of Plaintiff's Amended Complaint, Defendant repeats its responses to each and every allegation contained in Count I of Plaintiff's Amended Complaint.

24. In response to paragraph 19 of Plaintiff's Amended Complaint, Defendant denies each and every allegation contained therein.

25. In response to paragraph 25 of Plaintiff's Amended Complaint, Defendant denies each and every allegation contained therein and specifically denies that Plaintiff has been damaged in any sum or respect whatsoever.

26. In response to paragraph 26 of Plaintiff's Amended Complaint, Defendant denies each and every allegation contained therein and specifically denies that Plaintiff is entitled to costs and/or attorney's fees in any sum or respect whatsoever.

27. In response to paragraph 27 of Plaintiff's Amended Complaint, Defendant denies that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

28. The Amended Complaint of Plaintiff fails to state facts sufficient to constitute a claim for relief against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

29. Plaintiff is estopped to assert the matters complained of in her Amended Complaint by virtue of her own unclean hands and participatory conduct in and about the matters complained of.

**THIRD AFFIRMATIVE DEFENSE**

30. Plaintiff failed to mitigate her damages, if any she has, thereby absolving Defendant from any responsibility therefore.

**FOURTH AFFIRMATIVE DEFENSE**

31. Plaintiff assumed the risk of loss as to each and every claim contained in her Amended Complaint by virtue of her own conduct.

### FIFTH AFFIRMATIVE DEFENSE

32. To the extent Plaintiff establishes that a violation of the FDCPA may have occurred, Defendant submits that such error was unintentional and occurred notwithstanding procedures maintained by Defendant designed and calculated to preclude such a bona fide error.

### SIXTH AFFIRMATIVE DEFENSE

33. To the extent Plaintiff establishes that a violation of the FDCPA may have occurred, such violation, if any, was immaterial and therefore not actionable.

### SEVENTH AFFIRMATIVE DEFENSE

34. To the extent Plaintiff establishes that a violation of the Rosenthal Act may have occurred, Defendant submits that such error was unintentional and occurred notwithstanding procedures maintained by Defendant designed and calculated to preclude such a bona fide error.

### EIGHTH AFFIRMATIVE DEFENSE

35. To the extent Plaintiff establishes that a violation of the Rosenthal Act may have occurred, such violation, if any, was immaterial and therefore not actionable.

///

### NINTH AFFIRMATIVE DEFENSE

36. As a separate and affirmative defense to the Amended Complaint on file herein, and to each purported cause of action thereof, this answering Defendant alleges that if the facts alleged in the Amended Complaint are true, which facts this answering Defendant specifically denies, then Plaintiff by her words and deeds has consented to the alleged conduct of this answering Defendant, and by reason of consent, is barred from seeking or securing the relief prayed for in her Amended Complaint and each of purported cause of action therein.

### TENTH AFFIRMATIVE DEFENSE

37. As a separate and affirmative defense to the Amended Complaint on file herein, and to each purported claim for relief alleged therein, this answering Defendant alleges that Defendant, at all relevant times complied with the Fair Debt Collection Practices Act.

### ELEVENTH AFFIRMATIVE DEFENSE

38. As a separate and affirmative defense to the Amended Complaint on file herein, and to each purported claim for relief alleged therein, this answering Defendant alleges that Defendant, at all relevant times complied with the Rosenthal Fair Debt Collection Act.

///

///

## TWELFTH AFFIRMATIVE DEFENSE

39. This answering Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, and not yet alleged, affirmative defenses. Defendant reserves the right to assert additional defenses that are revealed by further investigation or by discovery.

## **PRAYER**

WHEREFORE, Defendant LAW OFFICES OF NELSON & KENNARD respectfully prays as follows:

(1) That the Amended Complaint against Defendant is dismissed with prejudice and that Plaintiff take nothing by way of his Amended Complaint;

(2) That Defendant be awarded its attorneys fees, costs, and disbursements incurred in the defense of this action; and

(3) That the Court award Defendant such other and further relief as the Court deems just and proper.

Dated: 1/17/13

By: 
ROBERT SCOTT KENNARD
Attorney for Defendant
Law Offices of Nelson & Kennard