# **EXHIBIT B**

```
1   Robert Scott Kennard
    State Bar No. 117017
2   NELSON & KENNARD
3   2180 Harvard Street, Ste. 160  (95815)
    P.O. Box 13807
4   Sacramento, CA  95853
    Telephone:  (916) 920-2295
5   Facsimile:  (916) 920-0682
6
    Attorneys for Defendant
7   NELSON & KENNARD
8
9
10                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
11                      SAN FRANCISCO DIVISION
12
13  DANA PASQUALE,              ) Case No.: 3:11-CV-05265-YGR
                                )
14       Plaintiff,             ) DEFENDANT NELSON & KENNARD'S
                                ) RESPONSE TO PLAINTIFF'S RULE 36
15       vs.                    ) REQUESTS FOR ADMISSION, SET NO.
                                ) ONE
16  LAW OFFICES OF NELSON & KENNARD, )
17                              )
         Defendant              )
18                              )
                                )
19  _____)

20  PROPOUNDING PARTY    :   DANA PASQUALE

21  RESPONDING PARTY     :   NELSON & KENNARD

22  SET NO.              :   ONE.

23

24  To:  Plaintiff and her attorney of record:

25       Defendant NELSON & KENNARD hereby submits the following in

26  response to Plaintiff DANA PASQUALE's Request for Admissions, Set

27  No. One, as follows:

28
```

RESPONSE TO REQUEST FOR ADMISSION - 1

**PRELIMINARY STATEMENT**

Defendant objects to terms within the Requests which are vague and ambiguous and require subjective judgment on Defendant's part to determine whether or not any particular response falls within the definition of the vague and ambiguous terms used. Defendant will respond as set forth below, according to Defendant's fair understanding of the questions.

Defendant is presently pursuing its investigation and analysis of the facts and law relating to this case, and has not yet completed its discovery or preparation for trial. Therefore, the responses set forth herein are given without prejudice to Defendant's right to produce evidence of any subsequent fact or interpretation thereof or to add, modify or otherwise change or amend the responses herein. The information hereinafter set forth is correct to the best knowledge of Defendant as of this date, and is subject to correction for inadvertent errors, mistakes or omissions. These responses are based upon records and information presently available to Defendant. Reference in a response to a preceding or subsequent response incorporates both the information and the objections set forth in the referenced response.

Defendant reserves the right to introduce at hearing any and all documents or information heretofore or hereafter produced or obtained by the parties in this action or by any third person that

supports Defendant's contentions at hearing or in support or opposition to any motion in this case.

Defendant will respond only to the extent a given request calls for a response which is not Defendant's counsel's work product, invasive of third parties' right to privacy or subject to the attorney/client privilege. In so answering, Defendant expressly reserves all those objections set forth above.

## REQUESTS FOR ADMISSION

1. Admit Plaintiff is a "consumer" as defined by 15 USC 1692a(3).

   **RESPONSE:**

   Plaintiff lacks sufficient information or belief in the context of this litigation to enable it to either admit or deny the allegations contained therein and, based thereon, denied.

2. Admit Defendant is a "debt collector" as defined by 15 USC 1692a(6).

   **RESPONSE:**

   Plaintiff lacks sufficient information or belief in the context of this litigation to enable it to either admit or deny the allegations contained therein and, based thereon, denied.

3. Admit Plaintiff owed a "debt" as defined by 15 USC 1692a(5).

   **RESPONSE:**

   Admitted.

4. Admit Plaintiff owes the debt Defendant is attempting to collect.

   **RESPONSE:**

   Admitted.

5. Admit Defendant's primary business is to collect debts incurred from personal, family, or household purposes.

   **RESPONSE:**

   Admitted.

6. Admit Defendant "communicated" with Plaintiff as defined by 15 USC 1692a(2).

   **RESPONSE:**

   Admitted.

7. Admit Defendant Placed telephone calls to Plaintiff in an attempt to collect a debt.

   **RESPONSE:**

   Admitted.

8. Admit Defendant employs or employed an individual named Mark Accordo (either given name or alias).

   **RESPONSE:**

Denied.

9. Admit Defendant employs or employed an individual named Michelle Morales (either given name or alias).

**RESPONSE:**

Admitted.

10. Admit Defendant called Plaintiff on Plaintiff's home phone within the last year.

**RESPONSE:**

Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained in Request for Admission No. 10 and, based thereon, denies each and every such allegation.

11. Admit Defendant failed to identify itself as a debt collector in all telephone communications with Plaintiff in the last year.

**RESPONSE:**

Denied.

12. Admit Defendant failed to identify itself, by Defendant's name, in all telephone communications with Plaintiff in the last year.

**RESPONSE:**

Denied.

RESPONSE TO REQUEST FOR ADMISSION - 5

13. Admit all telephone calls Defendant made in an attempt to collect Plaintiff's alleged debt are logged in Defendant's account notes.

**RESPONSE:**

Admitted.

14. Admit Defendant left the first message, which was transcribed and attached as Exhibit A to Plaintiff's Complaint.

**RESPONSE:**

Admitted in substance.

15. Admit Defendant left the second message, which was transcribed and attached as Exhibit A to Plaintiff's Complaint.

**RESPONSE:**

Admitted.

16. Admit Defendant left the third message, which was transcribed and attached as Exhibit A to Plaintiff's Complaint.

**RESPONSE:**

Admitted.

17. Admit Defendant left the forth [sic] message, which was transcribed and attached as Exhibit A Plaintiff's Complaint.

**RESPONSE:**

Plaintiff lacks sufficient information or belief to enable it to either admit or deny the allegations contained in Request No. 18 and, based thereon, denies each and every allegation.

18. Admit Defendant left the fifth message, which was transcribed and attached as Exhibit A to Plaintiff's Complaint.

**RESPONSE:**

Admitted.

19. Admit Defendant did not disclose to Plaintiff that it was a debt collector every single communication.

**RESPONSE:**

Denied.

20. Admit every single communication from Defendant to Plaintiff did not disclose Defendant's identity.

**RESPONSE:**

Denied.

21. Admit Defendant failed to identify the nature of the call (debt collection) when Defendant called Plaintiff.

**RESPONSE:**

Denied.

22. Admit Defendant failed to identify itself when Defendant called Plaintiff.

**RESPONSE:**

Denied.

Dated: 1/17/13

By: 
ROBERT SCOTT KENNARD
Attorney for Defendant
NELSON & KENNARD

RESPONSE TO REQUEST FOR ADMISSION - 8

**VERIFICATION**

State of California )

County of Sacramento )

I, _____, am an authorized agent for Plaintiff in the above-entitled action; I have read the foregoing Response to Plaintiff's Rule 36 Requests for Admission, Set No. One and know the contents thereof. The information contained in the responses provided are within my own personal knowledge or is information available to me as custodian of records except those matters which are therein stated upon my information and believe. As to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _Jan 17, 2013_ at _Sacrat_ (city), County of _Sacramento_, _California_ (state).

[signature]

**PROOF OF SERVICE**

STATE OF CALIFORNIA     )

COUNTY OF SACRAMENTO    )

I am an employee in the County aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 2180 Harvard Street, Ste. 160, Sacramento, California 95815.

On ___1 17 13___ , I served the within:

**DEFENDANT NELSON & KENNARD'S RESPONSE TO PLAINTIFF'S RULE 36 REQUESTS FOR ADMISSION, SET NO. ONE**

on the parties in said action via electronic mail and by placing a true and correct copy thereof in a sealed envelope and addressed as follows:

**Rory Colin Leisinger, Esq.**
**Ryan Scott Lee, Esq.**
**Krohn & Moss, Ltd.**
**10474 Santa Monica Blvd., Ste. 401**
**Los Angeles, CA  90025**

I served the documents described hereinabove via UPS overnight delivery (no signature required / driver release), tracking no. 1ZW29552NT97787531.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on ___1·17·13___ at Sacramento, California.

*[signature]*
Kimberley J. Tanaka