Ryan Lee (SBN: 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400 x 241
F: (866) 799-3206
rlee@consumerlawcenter.com
Attorney for Plaintiff,
DANA PASQUALE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISO DIVISION

| | |
|---|---|
| DANA PASQUALE,<br><br>       Plaintiff,<br><br>    v.<br><br>LAW OFFICES OF NELSON & KENNARD,<br><br>       Defendant. | **Case No.: 3:11-cv-5265-JCS**<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Magistrate Judge Joseph C. Spero**<br><br>Date: 4/19/2013<br>Time: 9:30 a.m.<br>Location: Courtroom G-5th Fl, 450 Golden Gate Ave., San Francisco, CA 94102 |

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

# <u>TABLE OF CONTENTS</u>

**Page(s)**

**I.  PLAINTIFF'S STATEMENT OF MATERIAL FACTS** .............................1

**II.  STANDARD OF REVIEW** ...……………………………………………3

**III. THE NINTH CIRCUIT APPLIES THE LEAST SOPHISTICATED CONSUMER STANDARD AND STRICT LIABILITY**...………………..3

**IV.  THE UNDISPUTED FACTS DEMONSTRATE THAT PLAINTIFF, AND NOT DEFENDANT, IS ENTITLED TO JUDGMENT AS A MATTER OF LAW UNDER THE FDCPA** …...………………..………...5

   **A.**   **The Undisputed Facts Demonstrate that Plaintiff is Entitled to Judgment as a Matter of Law as to Plaintiff's Claim Pursuant to § 1692e(11) of the FDCPA**...........................……….…...5

      **i.**   **The plain language of § 1692e(11) requires a debt collector to identify itself in all subsequent communications**…........…6

      **ii.**   **Defendant's reliance on *Reed* and *Pressley* is misplaced, as these decisions were based upon an prior version of § 1692e(11)**…………………………………………………..7

      **iii.**   **Federal Courts in the Ninth Circuit and throughout the country have rejected *Reed* and *Pressley***……………..………..9

   **B.**   **Defendant has Failed to Meet its Burden in Establishing that Defendant's Conduct was the Result of a Bona Fide Error**............................................................................10

**V. DEFENDANT FAILED TO MEET ITS BURDEN OF ESTABLISHING THAT THERE IS NO GENUINE DISPUTE OF MATERIAL FACT AS TO WHETHER DEFENDANT'S CONDUCT VIOLATED THE RFDCPA**………………………………………………………….…12

   **A.**   **Law Firms are Not Exempt from Liability under §17.88.17 of the RFDCPA**……………………………..……...………………12

**VI. CONCLUSION** …………….………………………………..…………16

ii

# TABLE OF AUTHORITIES

**Cases**                                                      **Page(s)**

*Abels v. JBC Legal Group, P.C.*
227 F.R.D. 541 (N.D. Cal. 2005)……………………………………………………14

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242 (1986) ……………………………………………………………….2,3

*Baker v. G.C. Services Corp.*
677 F. 2d 775 (9th Cir. 1982)……………………………………………………12

*Bautista v. Hunt & Henriques*,
2012 WL 160252 (N.D. Cal. Jan. 17, 2012)……………………………………...16, 17

*Bentley v. Great Lakes Collection Bureau*
6 F. 3d 60 (2nd Cir. 1993)……………………………………………………………5

*Bible v. Allied Interstate, Inc.*,
2001 WL 1618494 (D.Minn. May 14, 2001)……………………………..………...11

*Bracken v. Harris & Zide, L.L.P.*
219 F.R.D. 481 (N.D. Cal. 2004)……………………………………………………3-4

*Campbell v. Hall*,
624 F. Supp. 2d 991 (N.D. Ill. 2009)……………………………………..………...11

*Carney v. Rotkin, Schmerin & McIntyre*,
206 Cal. App. 3d 1513 (1988)……………………………………....……13, 15-16

*Carroll v. Wolpoff & Abramson*,
961 F. 2d 459 (4th Cir. 1992)……………………………..…………………..9

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986) …………………………………………………………………3

*Community for Creative Non-Violence v. Reid*,
109 S.Ct. 2166, 2172, 104 L.Ed.2d 811 (1989)…...……….……………..……6

*Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*,
447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)…………………6

*Davenport v. Univ. of Ark. Bd. of Trustees*
553 F. 3d 1110, 1112–13 (8th Cir.2009)………………………..……………...3

*Drossin v. Nat'l Action Financial Services, Inc.*,
641 F. Supp. 2d 1314 (S.D. Fla. 2009)……………………….…….........……9, 11

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*Emanuel v. Am. Credit Exch.,*
870 F. 2d 805 (2nd Cir. 1989)…………………………………………………9

*Exposition Press, Inc. v. FTC*
295 F. 2d 869 (2nd Cir. 1961) …………………………..…………………..…5

*FTC v. Raladam Co.*
316 U.S. 149 (1942)……………………………………………………..4-5

*Gammon v. GC Services Ltd. Partnership*
27 F. 3d 1254 (7th Cir. 1994)……………………………………….....4

*Gibson v. Grupo de Ariel, LLC*
2006 WL 42369 (N.D. Tex. Jan. 9, 2006) ......................... ……………………....5

*Graziano v. Harrison*
950 F. 2d 107 (3d Cir. 1991)………………………………..…….….................4

*Hepsen v. J.C. Christensen and Assocs., Inc.,*
2009 WL 3064865 *6 (M.D. Fla. Sept. 22, 2009)………………………….......12

*Hosseinzadeh v. M.R.S. Assoc., Inc.,*
387 F. Supp. 2d 1104, 1114-16 (C.D. Cal. 2005)…………………………….9

*Irwin v. Mascott*
112 F. Supp. 2d 937 (N.D. Cal. 1999)……………………………..…..……...4

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,*
130 S.Ct. 1605, 1616 (2010)……………………………………………...12

*Jeter v. Credit Bureau, Inc.*
760 F. 2d 1168 (11th Cir. 1985)……………………....................................4

*Johnson v. Riddle,*
443 F. 3d 723, 729 (10th Cir. 2006)………………………..……………12

*Masciarelli v. Richard J. Boudreau & Associates, LLC*
529 F. Supp. 2d 183 (D. Mass. 2007)…………………..…………..……10

*Miranda v. Law Office of D. Scott Carruthers*
2011 WL 2037556 (E.D. Cal. May 23, 2011)…………………..……...15

*Moriarity v. Henriques*,
2011 WL 4769270 (E.D. Cal. Oct. 7, 2011)…………………………………14

*Navarro v. Eskanos & Adler*
2007 WL 549904 (N.D. Cal. Feb. 20, 2007) …………………………………15

*Owens v. Brachfeld*
2008 WL 3891958 (N.D. Cal. Aug. 20, 2008).....................................15

iv

*Owings v. Hunt & Henriques*,
2010 WL 3489342 (S.D. Cal. 2010)……………………………………………...16

*Picht v. Hawks*
77 F. Supp. 2d 1041 (D. MN 1999)……………………………………...………4

*Pipiles v. Credit Bureau of Lockport, Inc.,*
886 F. 2d 22, 27 (2ⁿᵈ Cir. 1989)……………………………...……8, 9, 12

*Pressley v. Capital Credit & Collection Service, Inc.,*
760 F. 2d 922, 926 (9th Cir. 1985)…………………………..……...…7, 8, 9

*Rakes v. Life Investors Ins. Co. of America*
582 F. 3d 886, 893 (8th Cir. 2009)……………………………………….......2

*Reed v. Global Acceptance Credit Co.,*
352 U.S. 500 (1957)………………………………………………………7

*Reichert v. Nat'l Credit Sys., Inc.,*
531 F. 3d 1002 (9th Cir. 2008)…………………………………...……...11

*Reimann v. Brachfeld*
2010 WL 5141858 (N.D. Cal. Dec. 13, 2010)) .....................……………...15, 16

*Robinson v. Managed Accounts Receivables Corp.,*
654 F. Supp. 2d 1051, (C.D. Cal. 2009)…………………………………...15

*Ruth v. Triumph P'ships,*
577 F. 3d 790 (7th Cir.2009)…………………………………………...……13

*Savage v. NIC, Inc.,*
2009 WL 2259726 (D. Ariz. July 28, 2009)……………………..……...6, 8

*Schwarm v. Craighead,.*
552 F. Supp. 2d 1056 (E.D. Cal. 2008)…………………………………...6, 7

*Seeger v. AFNI, Inc.,*
548 F. 3d 1107 (7th Cir.2008)…………………………………………...13

*Silva v. Jason Head, PLC,*
2010 WL 4593704, *5 (N.D. Cal. Nov 4, 2010)……………………………15

*Smith v. Greystone Alliance, LLC,*
2011 WL 1303377 (N.D. Ill. 2011)…………………………………...……10

*Smith v. Transworld Sys., Inc.,*
953 F. 2d 1025, 1031 (6th Cir. 1992)…………………………...……………11

*Spencer v. Hendersen-Webb, Inc.,*
81 F. Supp. 2d 582, 591 (D.Md.1999)…………………………………...11-12

v

*Swanson v. S. Oregon Credit Serv., Inc.*
869 F. 2d 1222, 1225 (9th Cir. 1989)……………………………..……………....3

*Taylor v. Perrin, Landry, deLaunay & Durand*
103 F. 3d 1232 (5th Cir. 1997) ........................................... …………………..5

*Tolentino v. Friedman*
46 F. 3d 645, 650 (7th Cir. 1995)…………………………….…….………9

*Volden v. Innovative Financial Systems, Inc.*
440 F. 3d 947, 955 (8th Cir. 2006)…………………………………..………...4

*Wilhelm v. Credico, Inc.,*
519 F. 3d 416, 421 (8th Cir. 2008)  ………………………..……...………11

**Statutes**                                                           **Page(s)**

15 U.S.C. 1692e………………………………………………………………1, 8

15 U.S.C. § 1692e(11)  ...........……………………………...............1,5,6,8

Fed. R. Civ. P. 56(c)………………………………………...…………….2

RFDCPA § 1788.17 ........……………………………………...…………13

RFDCPA § 1788.2(c).1…………………………………………………..14

RFDCPA § 1788.2(g)  ....…………………………………………………14

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Plaintiff, DANA PASQUALE ("Plaintiff") and hereby submits this Brief in Opposition to the Motion of Summary Judgment of Defendant, LAW OFFICES OF NELSON & KENNARD ("Defendant").   In support thereof, Plaintiff states as follows:

# I.     PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Section § 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including the failure to disclose in subsequent communications that the communication is from a debt collector.   15 U.S.C. § 1692e(11).   In the present matter, it is undisputed that on four separate occasions, Defendant placed collection calls to Plaintiff and left voicemail messages wherein Defendant failed to identify itself as a debt collector.   On September 27, 2010, it is undisputed that Defendant placed a collection call to Plaintiff and left the following voicemail message:

> This message is for Dana Pasquale.  This is Mike Lopez calling from the law firm of Nelson & Kennard.  Please call me back at your earliest convenience.  866-920-2296. We do have important information for to discuss with you and it is in your best interest to return the call.  866-920-2296, extension 198.

*See* Defendant's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment (hereinafter "DMSJ"), Document No. 56-1 at 6.   On October 6, 2012, it is undisputed that Defendant placed a collection call to Plaintiff and left the following voicemail message:

> This message is for Dana Pasquale.  I am calling from the law firm of Nelson & Kennard.  It is important that you return this call.   Toll free number is 866-920-2296, extension 170.  My name is Marco Cota calling from the law office of Nelson & Kennard once again.  I have time sensitive information to disclose to you.  It is important you retrun the call.  Thank you.  Bye Bye.

1

*Id.*  On February 28, 2011, it is undisputed that Defendant placed another collection call to Plaintiff and left the following voicemail message:

> This message is for Dana Pasquale.  This is Michelle Moralez calling from the law office of Nelson & Kennard.  Please return this phone call to 866-920-2295, extension 137.  Thank you.

DMSJ at 7.  On March 11, 2011, it is undisputed that Defendant placed another collection call to Plaintiff and left the following message:

> This message is for Dana Pasquale.  This is Michelle Moralez calling from the law office of Nelson & Kennard.  Please return this phone call to 866-920-2295, extension 137.  Thank you.

*Id.*  These undisputed facts demonstrate that Defendant violated § 1692e(11) of the FDCPA as a matter of law.  Accordingly, Defendant's Motion for Summary Judgment should be denied.  Rather, the facts warrant the Court entering summary judgment on behalf of Plaintiff.[1]

## II.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide for summary judgment when the evidence available shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether a genuine dispute of material fact exists, the court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor.  *See Anderson v. Liberty*

---

[1] This Court maintains the authority to enter summary judgment for the non-moving party should the facts warrant.  Fed. R. Civ. P. 56 (f)(1) ("After giving notice and a reasonable time to respond, the court may grant summary judgment for a nonmovant"); *see also Savage v. NIC, Inc.*, 2009 WL 2259726 (D. Ariz. July 28, 2009) (granting summary judgment as a matter of law to the non-moving party on the basis of undisputed facts).

2

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Rakes v. Life Investors Ins. Co. of America*, 582 F. 3d 886, 893 (8th Cir. 2009).  Summary judgment is not proper if material factual disputes exist.  *Davenport v. Univ. of Ark. Bd. of Trustees*, 553 F. 3d 1110, 1112–13 (8th Cir.2009).  The moving party bears the burden of proving the absence of any genuine of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  The non-moving party defeats a motion for summary judgment by producing evidence "such that a reasonable jury could return a verdict" in his favor.  *Anderson*, 477 U.S. at 248; *Davenport*, 553 F. 3d at 1112–13.

## III.   THE NINTH CIRCUIT APPLIES THE LEAST SOPHISTICATED CONSUMER STANDARD AND STRICT LIABILITY

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  In determining whether debt collectors are liable under the FDCPA, the Ninth Circuit ruled that violations should be evaluated under the "least sophisticated debtor" standard.  *Swanson v. S. Oregon Credit Serv., Inc.* (9th Cir. 1989) 869 F. 2d 1222, 1225.  The least sophisticated debtor standard is objective and meant to protect all consumers, "the gullible as well as the shrewd…the ignorant, the unthinking and the credulous."  *Clark v. Capital Credit & Collection Serv.* (9th Cir. 2006) 460 F. 3d 1162, 1171.  Using this standard, a court must ask whether the information provided by the debt collector or the actions of the debt collector are confusing or misleading to the least sophisticated debtor.  *Id.*  Because FDPA was modeled after the Truth-in-Lending Act ("TILA"), courts often look to TILA cases in deciding FDCPA claims.  *Bracken v.*

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*Harris & Zide, L.L.P.* (N.D. Cal. 2004) 219 F.R.D. 481, 484. Lastly, "[t]he FDCPA is a strict liability statute." *Irwin v. Mascott* (N.D. Cal. 2000) 112 F. Supp.2d 937, 963. A plaintiff need not prove either that the defendant knew that their debt collection practices were illegal or that they intended to violate the law. *Id.*

Using the aforementioned principles, a court must ask whether the actions of the debt collector were harassing to the least sophisticated debtor. *See Jeter v. Credit Bureau, Inc.*, 760 F. 2d 1168 (11th Cir. 1985) (applying the "least sophisticated" consumer standard); *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991) (noting that statutory notice under FDCPA is to be interpreted from perspective of "least sophisticated debtor" standard); *Gammon v. GC Services Ltd. Partnership*, 27 F. 3d 1254 (7th Cir. 1994) (using the "unsophisticated consumer," rather than the "least sophisticated consumer," in order to protect consumers who are uninformed, naive or trusting, while admitting objective element of reasonableness). In the instant case, applying the FDCPA in the liberal manner, Defendant's conduct, viewed in a light most favorable to Plaintiff and under the least sophisticated debtor standard, violated the FDCPA.

This standard, together with strict liability under the Act, "serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Volden v. Innovative Financial Systems, Inc.*, 440 F. 3d 947, 955 (8th Cir. 2006); s*ee also Picht v. Hawks*, 77 F. Supp.2d 1041, 1043 (D. MN 1999) (the FDCPA is a "remedial, strict liability statute . . . intended to be applied in a liberal manner") (*citing FTC v. Raladam Co.*, 316 U.S. 149, 151-52 (1942));

*Exposition Press, Inc. v. FTC*, 295 F. 2d 869, 873 (2nd Cir. 1961), cert. den., 370 U.S. 917 (1962).

Additionally, "[a] single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA." *Gibson v. Grupo de Ariel, LLC*, 2006 WL 42369, *1 n. 2 (N.D. Tex. Jan. 9, 2006) (*quoting Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F. 3d 1232 (5th Cir. 1997)); *see also Bentley v. Great Lakes Collection Bureau*, 6 F. 3d 60, 62 (2nd Cir. 1993) ("Proof of one violation is sufficient to support a finding of summary judgment in favor of the Plaintiff in an FDCPA action").

## IV.   THE UNDISPUTED FACTS DEMONSTRATE THAT PLAINTIFF, AND NOT DEFENDANT, SHOULD BE ENTITLED TO JUDGMENT AS A MATTER OF LAW UNDER THE FDCPA

Under § 1692e(11), a debt collector is required to disclose in *all* **subsequent communications** that the communication is from a debt collector.  15 U.S.C. § 1692e(11) (emphasis added).  Plaintiff alleges that Defendant failed to disclose this requisite information when Defendant left voicemail messages without disclosing the fact Defendant was a debt collector.

Defendant does not refute the fact that it failed to state that the call was from a debt collector in subsequent communications when leaving voicemail messages for Plaintiff.  Defendant merely maintains that Plaintiff knew that it was Defendant when she received Defendant's voicemail messages and thus argues that it should be relieved from having to comport with the requisite disclosures under § 1692e(11).  DMSJ at 13 ("The record is clear that at all times subsequent to Defendant's initial 15 USC § 1692g communication with Plaintiff, she unequivocally knew exactly who Nelson & Kennard was and why it was calling").  As demonstrated *infra*, Plaintiff's purported knowledge is irrelevant, as Defendant

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

maintained an obligation to identify itself as a debt collector in all subsequent communications with Plaintiff.

### A.   The plain language of 1692e(11) requires a debt collector to identify itself in all subsequent communications

Whether or not Plaintiff knew who was calling is irrelevant, as the plain language of §1692e(11) looks merely to the content of the communication and not the knowledge of the individual called.   As such, the starting point for the interpretation of a statute is always its language.   *Community for Creative Non-Violence v. Reid,* 109 S.Ct. 2166, 2172, 104 L.Ed.2d 811 (1989).   "Thus, absent a clearly expressed legislative intention to the contrary, the language used must ordinarily be regarded as conclusive."   *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980).

The plain language of §1692e(11) prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including "the failure to disclose in subsequent communications that the communication is from a debt collector."   15 U.S.C. § 1692e(11).   Consistent with the plain language of §1692e(11), courts in the Ninth Circuit have found that the FDCPA requires that a debt collector identify himself as a debt collector in ***all*** subsequent communications.   *See* § 1692e(11); *Savage v. NIC, Inc.,* No. CV-08-1780-PHX-JAT, 2009 WL 2259726 (D. Ariz. July 28, 2009), (*citing Schwarm v. Craighead,* 552 F. Supp.2d 1056, 1081-82 (E.D. Cal. 2008)) (finding that the defendant creditor was required to include the disclosure that the communication was from a debt collector **in all eleven subsequent communications** between the defendant creditor and the plaintiff debtor).   The plain language of § 1692e(11) therefore clearly required Defendant to identify

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

itself as a debt collector in all subsequent communications with Plaintiff, regardless of whether Defendant had previously identified itself as a debt collector.

### B. Defendant's reliance on *Reed* and *Pressley* is misplaced, as those decisions were based upon an prior version of §1692e(11)

Despite the plain language of §1692e(11), Defendant erroneously relies upon *Reed v. Global Acceptance Credit Co.,* 2008 WL 3330165 at *3-5 (N.D. Cal. Aug 12, 2008) and *Pressley v. Capital Credit & Collection Service, Inc.,* 760 F. 2d 922, 926 (9th Cir. 1985) in which the Northern District of California and the Ninth Circuit held that where the debtor already knows the identity of the debt collector, follow-up notices from the debt collector are not communications and do not require compliance with § 1692e(11) as long as they were not misleading or false. *Reed,* 2008 WL 3330165 at *3-5; *Pressley,* 760 F. 2d at 926.

Defendant fails to recognize, however, that the *Pressley* court's decision was based on a prior version of § 1692e(11). *Pressley,* 760 F. 2d at 922. For this reason, the Eastern District of California declined to follow *Pressley* in *Schwarm v. Craighead,* 552 F. Supp. 2d 1056 (E.D. Cal. 2008). In *Schwarm,* the court explained that the *Pressley* court's decision was based upon a prior version of § 1692e(11), which Congress amended in 1996 to differentiate between "initial" communications and "subsequent" communications. *Id.* at 1082 n. 18. The previous version of § 1692e(11) merely required "that any communication 'made to collect a debt or to obtain information about a consumer' must disclose 'that the debt collector is attempting to collect a debt and that any information obtained will be sued for that purpose.'" *Id.* at 1082 n. 18 (discussing the 1996 amendment to § 1692e(11) that distinguished between initial and subsequent communications finding that *Pressley* was no longer good law).

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The 1996 amendment to §1692e(11) also limited the requisite disclosure for subsequent communications to include only that the communication is from a debt collector.  This limitation is consistent with the Ninth Circuit's reasoning that Congress did not intend for the full disclosure in the pre 1996 version of subsection (11) require to be in every subsequent communication.  *Pressley,* 760 F. 2d at 924.  Therefore, in light of the 1996 amendments to § 1692e(11), the Ninth Circuit's holding that § 1692e(11) does not apply to follow up notices is no longer good law.  *Reed*, in turn, based its decision wholly on *Pressley*, and therefore is also no longer good law.  *Reed*, 2008 WL 3330165 at *4.

Importantly, the *Pressley* court avoided the conclusion that the required disclosures must be present in "all communications" by finding that such a result would "ignore the balancing mandated by Congress" between the interests of consumers in freedom from harassment and the interests of ethical debt collectors in freedom from unnecessary restrictions, that "[n]o useful purpose would be served by repetition of a formal warning in such follow up notice to a debtor," and that this requirement was not intended by Congress.  *Pressley*, 760 F. 2d at 925-26.  This Court should disagree.  In providing that "all communications" contain the required disclosures, Congress appears to have precluded the "balancing" suggested in *Pressley.  Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F. 2d 22, 27 (2d Cir. 1989).  Given the protectionist nature of the statute, courts find that presuming that a plaintiff was aware that the defendant was a debt collector would be contrary to the objectives of the statute to protect debtors, even the least sophisticated, from abusive or deceptive collection practices.  *See Savage,* 2009 WL 2259726 at *6; *see also* § 1692e.  As the *Reed* and *Pressley* decisions were

based upon a prior version of § 1692e(11), these decisions do not support the entry of summary judgment in favor of Defendant.

### C. Federal Courts in the Ninth Circuit and throughout the country have rejected *Reed* and *Pressley*

As noted in Section IV(A)(i) *supra*, Defendant's argument and reliance on *Reed* and *Pressley* completely ignores the fact that courts in the Ninth Circuit have found that the FDCPA requires that a debt collector identify himself as a debt collector in all subsequent communications. Moreover, numerous courts have rejected *Pressley*. In fact, this Court would be hard pressed to find a single court outside the Ninth Circuit adopting *Pressley*'s reasoning. *See,* e.g.*, Tolentino v. Friedman,* 46 F. 3d 645, 650 (7th Cir. 1995) (noting widespread rejection of *Pressley*); *Carroll v. Wolpoff & Abramson,* 961 F. 2d 459, 461 (4th Cir. 1992) (stating "in our view, the language 'all communications' in § 1692e(11) is clear and unambiguous. It makes no distinction between initial and subsequent communications"); *Pipiles,* 886 F. 2d at 27 (explaining reasons why the Second Circuit disagrees with *Pressley*); *Emanuel v. Am. Credit Exch.,* 870 F. 2d 805, 808 (2d Cir. 1989); *Hulshizer v. Global Credit Serv. Inc.,* 728 F. 2d 1037, 1038 (8th Cir. 1984); *Hosseinzadeh v. M.R.S. Assoc., Inc.,* 387 F. Supp. 2d 1104, 1114-16 (C.D. Cal. 2005) (defendant's message failed to convey its status as a debt collector, in violation of FDCPA); *Drossin v. Nat'l Action Financial Services, Inc.,* 641 F. Supp. 2d 1314 (S.D. Fla. 2009) (rejecting *Reed* and concluding that the identification by name recognition alone, without disclosing that the caller was a debt collector, was insufficient to satisfy the requirements of the FDCPA); *Winberry v. United Collection Bureau, Inc.,* 697 F. Supp. 2d 1279, 1291-92 (M.D. Ala. 2010) ("[t]his court is persuaded that the plain language of the statute as it

9

now reads, having been amended, requires a debt collector to identify in subsequent communications that he is a debt collector").

Thus, given the clear and unambiguous language of § 1692e(11), a collection agent must follow the disclosure requirement of identifying himself as a debt collector in **all** communications. *Masciarelli v. Richard J. Boudreau & Associates, LLC,* 529 F. Supp. 2d 183, 186 (D. Mass. 2007). In *Smith v. Greystone Alliance*, the Northern District of Illinois recently affirmed the requirement that a debt collector identify itself as a debt collector in subsequent communications, regardless of whether an earlier identification had been given. *Smith v. Greystone Alliance, LLC*, 2011 WL 1303377 (N.D. Ill. 2011). The court reasoned that to hold otherwise would nullify the disclosure requirement entirely. *Id*. Specifically, the court held:

> Under (Defendant) Greystone's theory, all a debt collector would ever have to do to comply with the "subsequent communications" prong of § 1692e(11) is to make the initial disclosures. That would effectively read the language requiring disclosures in subsequent communications out of the statute, which of course violates the most basic canons of statutory interpretation.

*Id.* As the *Smith* court noted, the disclosure requirement of § 1692e(11) furthers the FDCPA's purpose of protecting consumers. "Section § 1692e(11) requires disclosure of a debt collector's identity as a debt collector so a consumer is armed with that information prior to deciding whether to engage in any communication with the collector." In accordance with courts throughout the country, this Court should conclude that the grounds advanced by Defendant do not entitle it to summary judgment on Plaintiff's § 1692e(11) claim. Instead, the undisputed facts clearly show that Plaintiff is entitled to summary judgment.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### D.    Defendant has Failed to Meet its Burden in Establishing that Defendant's Conduct was the Result of a Bona Fide Error

In attempt to rebut Plaintiff's §1692e(11) claim, Defendant asserts that it is entitled to the *bona fide* error defense.  The *bona fide* error defense exists only as an exception to the strict liability imposed upon debt collectors by the FDCPA.  To prevail on a *bona fide* error defense, Defendant must establish by a preponderance of the evidence that the violation was unintentional and resulted from a *bona fide* error, notwithstanding procedures reasonably adapted to avoid error.  15 U.S.C. § 1692k(c); *Drossin*, 641 F. Supp. 2d at 1320 (S.D. Fl. 2009); *Reichert v. Nat'l Credit Sys., Inc.*, 531 F. 3d 1002, 1005-1006 (9th Cir. 2008).

The existence of reasonably-adapted procedures is "a fact-intensive inquiry" which requires relatively "elaborate" descriptions of the procedures in place. *Wilhelm v. Credico, Inc.*, 519 F. 3d 416, 421 (8th Cir. 2008).  *See also Smith v. Transworld Sys., Inc.*, 953 F. 2d 1025, 1031 (6th Cir. 1992) (multiple employee affidavits explaining the error, five-page collection manual explaining the procedures at issue); *Campbell v. Hall,* 624 F. Supp. 2d 991, 1004 (N.D. Ill. 2009); *Bible v. Allied Interstate, Inc.,* 2001 WL 1618494 at *3 (D.Minn.2001) (multiple affidavits "explaining the lengths to which Allied goes").  Indeed, "[t]he procedures themselves must be explained, along with the manner in which they were adapted to avoid the error.  Only then is the mistake entitled to be treated as one made in good faith."  *Reicher,* 531 F. 3d at 1007 (internal citations omitted).  Further, whether the specific procedures Defendant did, in fact, maintain were reasonable, ***is a question for the jury***.  *See Id.*

In light of the FDCPA's remedial scheme, courts have taken the position of interpreting this affirmative defense narrowly.  *See Spencer v. Hendersen-Webb,*

11

*Inc.*, 81 F. Supp. 2d 582, 591 (D.Md.1999) (citing *Pipiles*, 886 F. 2d at 27; *Hulshizer*, 728 F. 2d at 1038; *Baker v. G.C. Services Corp.*, 677 F. 2d 775, 779 (9th Cir. 1982)).  In addition to determining whether the debt collector maintained and employed procedures to avoid errors, the procedures must be reasonably adapted to avoid the ***specific error*** at issue.  *Hepsen v. J.C. Christensen and Assocs., Inc.,* 2009 WL 3064865 *6 (M.D. Fla. Sept. 22, 2009) (citing *Johnson v. Riddle,* 443 F. 3d 723, 729 (10th Cir. 2006)).

In the present case, Defendant fails to provide evidence of how its policies and procedures are reasonably adapted to avoid Plaintiff's specific allegations that Defendant violated §1692e of the FDCPA.  Defendant claims that it has policies in procedures in place whereby its collectors are educated regarding the "mini-Miranda" requirement of the FDCPA, and are given a script which directs the collectors to disclose that the calls are being placed from a debt collector.  DMSJ at 15.   However, Defendant has not presented any evidence as to why their procedures failed ***in this case***.  Despite these procedures, it is undisputed that Defendant's collectors left **four (4)** voicemail messages with Plaintiff which did not identify Defendant as a debt collector on **four separate occasions**.  DMSJ at 6-7.  Despite the clear failure of Defendant's protocol, Defendant has presented no specific evidence as to why their procedures failed to prevent the placement of non-compliant phone messages to Plaintiff on four separate occasions.

Moreover, the Supreme Court has held that the bona fide error defense cannot apply to an error that is simply unintentional – it applies only to "procedural or clerical errors."  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605, 1616 (2010)).  Since that decision, this Court has denied claims of a bona fide error defense where a debt collector "does not argue that it committed a

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

procedural or clerical error.  Instead, [the debt collector] makes its argument under the pre-*Jerman* paradigm and explains that it had procedures and policies in place to avoid any such errors."  *Ruth v. Triumph P'ships*, 577 F. 3d 790, 797–98 (7th Cir.2009); *Seeger v. AFNI, Inc.*, 548 F. 3d 1107, 1114 (7th Cir.2008)).  This is precisely the case here: Defendant has simply listed its policies and procedures and, thus cannot succeed on a bona fide error defense. Therefore, disputed material facts exist as to whether Defendant developed and maintained "reasonable procedures" under § 1692k(c), and accordingly the Court should not grant Defendant summary judgment on its bona fide error defense.

## V.   DEFENDANT FAILED TO MEET ITS BURDEN OF ESTABLISHING THAT THERE IS NO GENUINE DISPUTE OF MATERIAL FACT AS TO WHETHER DEFENDANT'S CONDUCT VIOLATED THE RFDCPA

As demonstrated *supra*, Defendant is not entitled to summary judgment as to Plaintiff's claims under the FDCPA; rather, the undisputed facts demonstrate that Plaintiff is entitled to summary judgment.  As Defendant's liability under the §1788.17 of the RFDCPA is derivative of Defendant's liability under FDCPA, Defendant likewise is not entitled to summary judgment as to Plaintiff's RFDCPA claim.

### A.    Law firms are not exempt from liability under the RFDCPA

Defendant's final argument is to summarily conclude that it is exempt from liability under the RFDCPA because it is a law firm. Defendant bases this conclusion on the findings of the courts in *Owens v. Hunt & Henriques* and *Carney v. Rotkin, Schmermin & McIntyre*.  But the vast weight of authority, both in this District and throughout the state, expressly rejects the reasoning in these

cases and recognizes that under the plain language of the Rosenthal Act, law firms are subject to its terms.

The first inquiry in any statutory analysis is the plain language of the statute itself.  In this case, the Rosenthal Act defines a "debt collector" broadly, as encompassing any manner of person or entity engaged in the collection of debts: "any person who, in the ordinary course of business, regularly on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters and other collection media used or intended to be used for debt collection."  Cal. Civil Code § 1788.2(c).[2]  The statute does, however, provide a limited exception, stating that the term " . . . does not include an attorney or counselor at law." *Id.*  But although the statute provides an exemption for individual attorneys, it makes no mention of nor in any way excludes law firms or professional corporations.

For this reason, numerous courts have recognized that the Rosenthal Act, while excluding individual attorneys, applies in full to the law firms where they work collecting debts.  For example, in the seminal case of *Abels v. JBC Legal Group, P.C.* 227 F.R.D. 541, 548 (N.D. Cal. 2005), the court discussed the individual attorney exemption, but explained:

> However, giving section § 1788.2(c) [sic] the same reading does not yield the same result for [the law firm]. The statute merely states that it does not apply to "attorney" or "counselor at law"; it does not outright exclude "law firms". Since the legislature specifically excluded attorneys from the statute but was silent on law firms, this Court presumes that the legislature did not intend to exclude law firms.

---

[2] The Act defines "person" to include businesses and other entities.  Cal. Civil Code § 1788.2(g).

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Numerous courts have followed this sound reasoning. *E.g.*, *Moriarity v. Henriques*, 2011 WL 4769270, *6 (E.D. Cal. Oct. 7, 2011) (finding the law firm Hunt & Henriques to be a debt collector under the Rosenthal Act, noting that "district courts throughout the Ninth Circuit have found that a law firm is a 'debt collector' within the meaning of the RFDCPA [the Rosenthal Act]"); *Miranda v. Law Office of D. Scott Carruthers*, 2011 WL 2037556, *7 (E.D. Cal. May 23, 2011) (citing authority for including law firms, but not attorneys).

Other district courts throughout California have likewise reached this same conclusion, many explicitly recognizing and rejecting the limited authority to the contrary. *E.g.*, *Reimann v. Brachfeld*, 2010 WL 5141858 (N.D. Cal. Dec. 13, 2010) ("Since the legislature specifically excluded attorneys from the statute but was silent on law firms, this Court presumes that the legislature did not intend to exclude law firms."); *Silva v. Jason Head*, PLC, 2010 WL 4593704, *5 (N.D. Cal. Nov 4, 2010) (collecting authority, holding debt collectors within Rosenthal Act); *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1061 (C.D. Cal. 2009) ("while the RFDCPA excludes attorneys, it does not exclude law firms"); *Owens v. Brachfeld*, 2008 WL 3891958, *4 (N.D. Cal. Aug. 20, 2008) (law firm not excluded from definition of debt collector); *Navarro v. Eskanos & Adler*, 2007 WL 549904 (N.D. Cal. Feb. 20, 2007) (citing statutory and case authority, noting that defendant was an entity engaged in debt collection).

To combat this mountain of well-reasoned authority, Defendant cites a single, more-than-two-decades-old opinion from a California appellate court, and an aberrant, non-binding federal district court opinion. The single state-court case cited by Defendant, *Carney v. Rotkin, Schmerin & McIntyre*, 206 Cal. App. 3d 1513, 1526 (1988), does not consider or even directly address the question of

whether attorneys and law firms should be treated differently under the Rosenthal Act.  In *Carney*, the defendants were a law firm, an individual attorney, a secretary at the law firm, and the original judgment creditor.  *Id.* at 1519.  The complaint also involved numerous distinct causes of action, and it is unclear from the opinion, and the one paragraph of the opinion touching on the Rosenthal Act claim, which defendant or defendants were actually named in this claim.  What is plain is that the court did not consider or address the distinction between attorneys and firms, instead simply stating that "the complaint shows on its face that ***defendant attorney*** was not a 'debt collector' within the meaning of the act" and thus that the defendants' demurrer was properly sustained as to this claim.  *Id.* at 1526 (emphasis added).  As there is no certainty that the law firm was even named as a defendant on this claim, and no discussion of how the defendant ***firm*** should be treated under the Rosenthal Act, this case does nothing to support Defendant's argument here.

Defendant's citation to *Owings v. Hunt & Henriques*, 2010 WL 3489342 (S.D. Cal. 2010) is likewise unavailing.  *Owings* addresses this issue in only a single paragraph, and relies ***entirely*** on the opinion in *Carney*, discussed above.  The *Owings* court failed to recognize either the *Carney* opinion's fatal vagueness as to which defendants were involved, or the faulty reading of the statute which would be required to reach the conclusion that law firms, as well as attorneys, are excluded from the Rosenthal Act.  *Id.*  For these reasons, the *Owings* opinion, and its misreading of *Carney*, have been considered and rejected by federal courts throughout Califormia.  *E.g.*, *Bautista v. Hunt & Henriques*, 2012 WL 160252 (January 17, 2012); *Reimann*, 2010 WL 5141858 (specifically rejecting *Owings*, holding law firms not exempt from Rosenthal Act).

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Thus, in the 2012 case of *Bautista v. Hunt & Henriques*, the court collected the authority throughout the state on this question, and again concluded that law firms are within the Rosenthal Act.  2012 WL 160252 (January 17, 2012).  The Court recognized the aberrant authority cited by defendant in this case, but held that "The vast weight of authority in this district and throughout California supports the Plaintiff's position." *Id*.

Here, as in *Bautista* and the numerous other decisions cited, this Court should recognize that the vast weight of the authority holds that law firms are within the Rosenthal Act.

## VI.   CONCLUSION

As the moving party, Defendant has the burden to show that there are no triable issues of fact to be determined at trial.  Defendant failed to provide any argument beyond mere self-serving and conclusory statements to indicate it should be entitled to judgment as a matter of law.  The undisputed facts demonstrate that Plaintiff, not Defendant, is entitled to judgment as a matter of law as to Plaintiff's claims pursuant to Sections § 1692e(11) of the FDCPA and §1788.17 of the RFDCPA.  Accordingly, Defendant's motion should be denied.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an order denying Defendant's Motion for Summary Judgment and for any additional relief deemed just and appropriate.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

RESPECTFULLY SUBMITTED,

Date:February 20, 2013          KROHN & MOSS, LTD.

By: /s/ Ryan Lee
          Ryan Lee

18

1

## PROOF OF SERVICE

2

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18

3

and not a party to the within action.  My business Address is 10474 Santa Monica Blvd., Suite
401, Los Angeles, CA 90025

4

     On February 20, 2013, I served the following document(s) described as: **PLAINTIFF'S**

5

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT** , on all interested parties in this action by placing:

6

    [ X ]  a true copy

7

    [   ]  the original thereof enclosed in sealed envelope(s) addressed as follows:

8

**Robert Scott Kennard**

9

NELSON AND KENNARD
2180 Harvard Street, Suite 160
Sacramento, California 95815

10

rskennard@nelson-kennard.com

11

    [X]    BY CERTIFIED MAIL : I deposited such envelope in the mail at Los Angeles,

12

CA.  The envelope was mailed with postage thereon fully prepaid.

13

    [X]    I am readily familiar with the firm's practice for collection  and processing
correspondence for mailing.  Under that practice, this document will be deposited with

14

the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles,
CA in the ordinary course of business. I am aware that on motion of the party served,

15

service is presumed invalid if postal cancellation date or postage meter date is more than
one day after date of deposit for mailing in affidavit.

16

17

    [X]    BY ELECTRONIC MAIL: I am readily familiar with the firm's Microsoft
Outlook email program. I transmitted this document to the email address listed above. No

18

error was reported.

19

    [X]    FEDERAL – I declare under penalty of perjury under the laws of the State of
California that the above is true and correct.

20

Executed on February 20, 2013, at Los Angeles, CA.

21

22

23

          By:  /s/ Ryan Lee                       

                Ryan Lee

24

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT