```
File No. 98.0246
Robert Scott Kennard
California State Bar No. 117017
2180 Harvard Street, Ste. 160   (95815)
P.O. Box 13807
Sacramento, CA  95853
Telephone:  (916) 920-2295
Facsimile:  (916) 920-0682
Email:  rskennard@nelson-kennard.com

Attorneys for Defendant
NELSON & KENNARD
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DANA PASQUALE,<br><br>    Plaintiff,<br><br>  vs.<br><br>LAW OFFICES OF NELSON & KENNARD,<br><br>    Defendants. | **CASE NO.  3:11-CV-05265-JCS**<br><br>**REPLY TO OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**DATE:**  04/19/13<br>**TIME:**  9:30 A.M.<br>**DEPT:**  G, 15th Fl. |

Defendant NELSON & KENNARD hereby submits the following Memorandum of Points and Authorities in reply to the Opposition of Plaintiff DANA PASQUALE to Defendant's Motion for Summary Judgment.

///

///

///

# TABLE OF CONTENTS

I. PLAINTIFF CONCEDES HER ACTUAL KNOWLEDGE OF DEFENDANT'S IDENTITY AND THE PURPOSE OF ITS CALLS. ....... 1

II. THE MESSAGES COMPLAINED OF BY PLAINTIFF DO NOT VIOLATE THE FDCPA ....... 3

III. *REED* AND *PRESSLEY* ARE GOOD LAW AND CONTROL ....... 6

IV. EVEN IF THE DEBT COLLECTOR WARNING WAS REQUIRED TO BE INCLUDED IN THE VOICEMAIL MESSAGES COMPLAINED OF, THE FAILURE TO DO SO WAS UNINTENTIONAL AND OCCURRED AS THE RESULT OF BONA FIDE ERROR, NOTWITHSTANDING THE MAINTENANCE OF PROCEDURES REASONABLE ADAPTED TO AVOID SUCH ERRORS . . . . . . . . . . . . . . . . . . . . . . . . . 9

V. NELSON & KENNARD IS EXEMPT FROM LIABIILTY UNDER CALIFORNIA'S ROSENTHAL ACT . . . . . . . . . . . . . . . 13

VI. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . 14

**TABLE OF AUTHORITIES**

**Cases**

Abels v. JBC Legal Group
    227 F.R. D 541, 548 (N.D. Cal. 2005) . . . . . . . . . . . . . 13

Baker v. G.C. Services Corporation
    677 F.2d 775, 779 (9th Cir. 1982) . . . . . . . . . . . . . . 9

Beattie v. D. N. Collections, Inc.
    754 F.Supp 383, 392 (D. Del. 1991) . . . . . . . . . . . . . . 10

Clark v. Capital Credit and Colleciton Services
    460 F.3d 1162, 1171 (9th Cir. 2006) . . . . . . . . . . . 4, 10

Donohue v. Quick Collect
    592 F3d 1027, 1034 (9th Cir. 2010) . . . . . . . . . . . . . .5

Epps v. Etan Industries, Inc.
    1998 WL 8511488; *7 . . . . . . . . . . . . . . . . . . . . . 6

Jenkins v. Heintz
    124 F.3d 824, 835 (7th Cir. Ill. 1997) . . . . . . . . . . . 11

Johnson v. Riddle
    443 F.3d 723, 729 (10th Cir. 2006) . . . . . . . . . . . . . 11

Peterson v. Portfolio Recovery Associates, LLC
    2011 WL 6176196 (District N.J. 2011) *4 . . . . . . . . . . . .10

Owings v. Hunt & Henriques
    210   WL 3489342 at *3 . . . . . . . . . . . . . . . . . .13, 14

Pressley v. Capital Credit and Collections Service, Inc.
    760 F.2d 922 (1985) . . . . . . . . . . . . . . . . . 5, 6, 7, 8

Reed v. Global Acceptance Credit
    2008 WL 3330165 (N.D. Cal. August 1, 2008) . . . . . . . . . 6, 8

Richert v. National Credit Systems, Inc.
    531 F.3d 1002, 1006 (9th Cir. 2008) . . . . . . . . . . . . 11

Swanson v. S. Oregon Credit Services, Inc.
    869 F.2d 1222, 1225 (9th Cir. 1989) . . . . . . . . . . . . . 4

Tourgeman v. Collins Financial Services, Inc.
    2012 WL 3731807 (S.D. Cal. *4) . . . . . . . . . . . . . . . 5, 9

Wilhelm v. Credico, Inc.
   519 F.3d 416, 420-421 (N.D. 2008) . . . . . . . . . . . . . . 10

**Codes and Statutes**

15 U.S.C. §1692e . . . . . . . . . . . . . . . . . . . . . . 4, 6, 7

15 U.S.C. §1692g . . . . . . . . . . . . . . . . . . . . . . . . 1

15 U.S.C. §1692k . . . . . . . . . . . . . . . . . . . . . . . .10

California Civil Code §1788.2 . . . . . . . . . . . . . . . 12, 14

California Civil Code §1788.11 . . . . . . . . . . . . . . . . . 1

California Corporations Code §16306 . . . . . . . . . . . . . 13

# I.

## PLAINTIFF CONCEDES HER ACTUAL KNOWLEDGE OF DEFENDANT'S IDENTITY AND THE PURPOSE OF ITS CALLS.

Plaintiff has submitted no admissible evidence to contradict the facts presented by Defendant in its Motion for Summary Judgment. It is undisputed that between May 21, 2010 and August 19, 2010, Plaintiff and Defendant exchanged no less than eight items of correspondence. (See Docket No. 56, Attachment #2, ¶¶ 6-13 and Exs. 1-8 attached thereto). In Defendant's initial correspondence to Plaintiff, it set forth all disclosures required pursuant to 15 U.S.C. 1692g and also Section 1788.11 of California's corresponding Rosenthal Act.[1] (See Docket No. 56, Attachment #2, ¶6).

In three subsequent items of correspondence Defendant advised Plaintiff Nelson and Kennard was a "debt collector attempting to collect a debt. Any information obtained will be used for that purpose." (See Docket No. 56, Attachment #2, ¶¶ 8, 10, 12 and Exs. 3, 5 and 7 attached thereto).

Before any telephonic exchanges took place between the parties, and in response to the correspondence sent by Defendant, the Plaintiff mailed to Defendant no less than four items of correspondence where she expressly acknowledged that she understood

---

[1] California's Rosenthal Act is derivative of and incorporates the provisions of the Fair Debt Collections Practices Act. Accordingly, Defendant's arguments herein are incorporated and intended to address Plaintiff's Rosenthal Act claim also.

that the Law Offices of Nelson & Kennard was a debt collector and that it was attempting to collect a debt.

> On May 24th I received a letter from your office in which it was claimed that I owe $19,263.06.
>
> Please understand that I wish to resolve this matter at the earliest possible time. However due to the possibility of error or fraud I must insist that you validate this alleged debt explaining why you are demanding the sum of $19,263.06. (See Docket No. 56, Attachment #2, ¶7 and Ex. 2 attached thereto).
>
> 1. Authority: That this Notice of Dispute of Alleged Debt ("Notice of Dispute") is sent to you pursuant to Title 15, United States Code Annotated ("U.S.C.A") § 1692 et seq, known as the Fair Debt Collection Practices Act ("FDCPA"), the legislative purpose of which is to protect consumers from abusive, deceptive, and unfair debt collection practices by debt collectors;
>
> 2. Your debt collection letter: That I have received and read your debt collection letter referenced above, identifying yourself as debt collectors, . . . (See, Docket No. 56, Attachment #2, ¶¶ 9, 11 and 13 Exs. 4, 6 and 8 attached thereto).

On September 23, 2010, Defendant communicated with the Plaintiff telephonically. The Plaintiff advised Defendant's representative that "she needed time to review her finances." (See Docket No. 56, Attachment #2, ¶15 and Ex. 9 attached thereto). Plaintiff does not complain of the content of this call. Presumably it included all necessary information required to be disclosed pursuant to the Fair Debt Collection Practices Act to Plaintiff's satisfaction.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES - 2

The Defendant's representative later attempted to telephone Plaintiff but was unable to reach her. Accordingly, a telephone message was left that did not expressly state that the caller was a debt collector, but did advise that the call was from the "Law offices of Nelson & Kennard." (See Docket No. 56, Attachment #2, ¶16).

Defendant again telephonically communicated with Plaintiff on September 30, 2011. Plaintiff requested a call back at a specified time to discuss a repayment arrangement of the debt. (See Docket No. 56, Attachment #2, ¶17). Plaintiff does not complain of the substance of this telephone call. Presumably the content thereof comported with the provisions of the FDCPA including the full disclosure of the name of the caller, the purpose of the call and the admonition that the caller was a "debt collector."

Defendant acknowledges leaving three subsequent messages for the Plaintiff that imparted no information about the debt, but each indicated that the caller was from the Law Offices of Nelson & Kennard. Each message was polite, non-argumentative and in no respect contained any false, deceptive or misleading information.

## II.

**THE MESSAGES COMPLAINED OF BY PLAINTIFF DO NOT VIOLATE THE FDCPA.**

Defendant submits that the FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged . . . and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. §1692e. Plaintiff has demonstrated no such abusive behavior by Defendant. Here, Plaintiff admittedly was not confused or misled. The evidence presented is unrebutted that Plaintiff at all times knew the identity of the caller and the purpose of Defendant's calls respecting the voicemails complained of.

Plaintiff argues that violation should be evaluated under "the least sophisticated debtor" standard. *Swanson v. S. Oregon Credit Services, Inc.* 869 F.2d 1222, 1225 (9th Cir. 1989); *Clark v. Capital Credit and Collection Services*, 460 F.3d 1162, 1171 (9th Cir. 2006). Plaintiff urges the court to ". . . ask whether the information provided by the debt collector or the actions of the debt collector are confusing or misleading to the least sophisticated debtor. (See Docket No. 65, at p. 3, lns. 22-24).

Whether the inquiry is subjective or objective, the answer to the question is clearly no. Where the circumstances are viewed as a whole, including the fact that the consumer affirmatively acknowledged on numerous occasions her actual knowledge of the identity of the caller and the fact that the caller was a "debt collector," the Plaintiff cannot truthfully allege that she was confused or misled by any of the phone messages, nor does she

present any such evidence in contravention of the evidence provided by the Defendant.

Plaintiff next asks the court to determine whether the actions of the debt collector were harassing to the least sophisticated debtor. (Docket No. 65, p. 4, lns. 6-7). The answer can only be no. It is undisputed that at the time the messages complained of were left, Plaintiff had actual knowledge of the identity of the caller and the purpose of the call. In fact, the calls were specifically invited by the Plaintiff. (Docket No. 56, ¶¶ 15 and 17).

The least sophisticated consumer is not reside in a vacuum. Whether a defendant violated the FDCPA must be viewed from the vantage point of the consumer, including all facts known to the consumer, be he unsophisticated or not. The analysis includes consideration of all information available to the consumer and is "taken as a whole." <u>Tourgeman v. Collins Financial Services, Inc.</u> 2012 WL 3731807 (S.D. Cal. *4). "In assessing FDCPA liability, we are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." <u>Donohue v. Quick Collect</u> 592 F.3d 1027, 1034 (9th Cir. 2010).

### III.

### ***REED* AND *PRESSLEY* ARE GOOD LAW AND CONTROL.**

Plaintiff argues that because <u>Pressley v. Capital Credit and Collections Service, Inc.</u>, 760 F.2d 922 (1985), preceded in 1996 amendment to 15 U.S.C. §1692e(11), that <u>Pressley</u> is no longer good law. As the Court observed in <u>Reed v. Global Acceptance Credit Company</u>, 2008 WL 3330165 (N.D. Cal. August 12, 2008), that distinction is without a difference under the facts presented.

Under the prior version of 15 U.S.C. §1692e(11), the debt collector was required to disclose in all communications with the consumer that the ". . . debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." As a result of the 1996 Amendment to 15 U.S.C. §1692e(11), the Legislature distinguished between the initial communication and subsequent communications <u>limiting</u> the required disclosure in subsequent communications to words that impart that the caller is a "debt collector."

However, in both the prior and subsequent version of 15 U.S.C. §1692e(11), the disclosure was only required where there was a "communication" made in an attempt collect a debt. The 1996 Amendment was intended to harmonize a split among the various Circuits as to the extent of the disclosure required in subsequent communications. Contrary to Plaintiff's assertion, the 1996 Amendment adopted and codified the Ninth Circuit's view of 15 U.S.C.

§1692e(11). As set forth *Epps v. Etan Industries, Inc.* 1998 WL 8511488; *7, Congress <u>lessened</u> the disclosure required in subsequent communications; it did not enlarge it. Nothing in the 1996 Amendment to 15 U.S.C. §1692e(11) changed the requirement that there must be a "communication" which imparts information about a "debt" before any disclosure is required.

Plaintiff offers no evidence that the actions of Nelson & Kennard were any way abusive, false, deceptive or misleading. "The purpose of the Act . . . 'is to protect consumers from a host of unfair harassing and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors.'" *Pressley, Supra*. at p.925. A follow up letter to a previous demand for payment is not a "communication" under the FDCPA which required the §1692e(11) disclosure.

> It is clear from the notice received by Pressley that Capital Credit was attempting to collect a debt and that payment had been requested in a prior communication. There was nothing in the notice itself or in any action of Capital Credit that would be construed as "abusive" or "false, deceptive or misleading." Rather, it was a straightforward notice that repeated the demand for payment no useful purpose would be served by repetition of a former warning in such a follow up notice to a debtor nor was this intended by Congress. *Pressley, Id.* at p. 926.

The case at bar is factually on point but more compelling. It is undisputed that at the time the voicemail messages complained of by Plaintiff were left, she had actual knowledge of the identity of the caller and the purpose of the call. She confirmed her knowledge

in at least four prior letters to Defendant and two prior telephone conversations with Defendant's employees. The telephone messages complained of imparted no information concerning any debt. Rather, they were polite, straightforward and could no way be construed as abusive, false, deceptive or misleading, even from the view of the least sophisticated consumer.

Plaintiff further argues that because *Pressley*, *Id.*, is not good law, then it follows that the Court's holding in *Reed v. Global Acceptance Credit Company* (2008 WL 3330165 N.D. Cal. August 12, 2008) should also not be followed by this Court. In *Reed*, the plaintiff received dunning letters concerning her student loan debt from defendant, Global Acceptance Credit Company. The plaintiff mailed one letter to the defendant and stated that she disputed the debt and refused to pay. Global left a series of voicemail messages for Reed which did not directly impart language that the call was from a debt collector."

In *Reed*, Judge Whyte observed;

> Subsequent communications only must convey that the communication is from a debt collector (15 U.S.C. §1692e(11)). More importantly in the instant case, the Ninth Circuit has held that where the debtor already knows the identity of the debt collector, follow up notices from the debt collector are not communications and do not require compliance with 1692e(11) as long as they are not misleading or false. *Id.*, at fn. 3 citing *Pressley v. Capital Credit Collections and Service* 760 F.2d 922, 925 (9th Cir. 1985).

In *Reed*, *Id.*, the Court denied plaintiff's motion for summary judgment finding a triable issue of fact as to whether the voicemail messages conveyed sufficient information to impart that Global was a debt collector in the context of the facts presented in the case, applying the least sophisticated consumer standard.

No such triable issue is before this court. Plaintiff concedes her actual knowledge that the Law Offices of Nelson & Kennard was a debt collector attempting to collect a debt. Each message complained of informed Plaintiff that the message was from the Law Office of Nelson & Kennard. Plaintiff offers no evidence that the messages left by Defendant were in any respect false, deceptive or misleading. The *Reed* Court acknowledges that the Court's focus is on the "totality of the circumstances," including prior communications between the parties, to determine whether a ". . . consumer would know the nature and identity of a caller in the voicemail messages." *Reed*, *Id.* at *4. As explained, inter alia, in *Reed, Id*. and *Tourgeman, Supra*, context does matter. The "least sophisticated consumer" analysis does not ignore the admitted actual knowledge and facts available to the consumer. Defendant's Motion for Summary Judgment should be granted.

### IV.

**EVEN IF THE "DEBT COLLECTOR" WARNING WAS REQUIRED TO BE INCLUDED IN THE VOICEMAIL MESSAGES COMPLAINED OF, THE FAILURE TO DO SO WAS UNINTENTIONAL AND OCCURRED AS THE RESULT OF BONA FIDE ERROR, NOTWITHSTANDING THE MAINTENANCE OF PROCEDURES REASONABLY ADAPTED TO AVOID SUCH ERROR.**

The purpose of the "bona fide error" defense is to protect debt collectors in cases of inadvertent clerical error. <u>Baker v. G.C. Services Corporation</u>, 677 F.2d 775, 779 (9th Cir. 1982). "There is room within the Act for ethical debt collectors to make occasional unavoidable errors without subjecting themselves to automatic liability." <u>Peterson v. Portfolio Recovery Associates, LLC</u>, 2011 WL 6176196 (District N.J. 2011 *4), citing <u>Beattie v. D. N. Collections, Inc.</u> 754 F.Supp 383, 392. (D. Del. 1991).

Defendant has offered Declarations establishing the circumstances under which the messages complained of were left. No reasonable inference can be gleaned there from that Defendant's representatives intended to violate the FDCPA. Plaintiff has offered no evidence to suggest the Defendant's conduct was intentional. (See <u>Wilhelm v. Credico, Inc.</u> 519 F.3d 416, 420-421 (N.D. 2008). (Plaintiff ". . . offered no affidavits, depositions, or other evidence disputing Credico's affidavits. Thus we have no difficulty concluding that Credico's . . . violation was unintentional and was caused by a bona fide error of a clerical or data entry nature.") "The procedures need not be elaborate." <u>Id</u>.

Plaintiff acknowledges the policies and procedures Defendant has in place to avoid the occurrence of the error complained of but argues that Defendant ". . . has not presented any evidence as to why the procedures failed in this case." (See Docket 65, p. 12, lns. 14-15). Defendant is aware of no authority that requires such

a showing. If procedures didn't occasionally fail, there would be no need for the defense. Rather, Defendant's burden is to establish that the procedural error occurred notwithstanding the maintenance of procedures reasonably adapted to avoid the error. 15 U.S.C. §1692k(c); <u>Clark v. Capital Credit and Collection Services, Inc.</u>, 460 F.3d 1162, 1176-1177 (9th Cir. 2006); <u>Riechert v. National Credit Systems, Inc.</u> 531 F.3d 1002, 1006 (9th Cir. 2008) ("The defense requires the defendant to show that it maintains procedures to avoid errors.") <u>Jenkins v. Heintz</u>. 124 F 3d. 824, 835 (7th Cir. Ill. 1997) ("The defendants have offered unrebutted evidence of the procedures they followed when preparing to file suit to collect a debt to avoid errors and omissions that could result in an FDCPA violation. . . Where defendants maintain extensive systems designed to prevent errors, an unintentional violation of the Act will not result in liability").

The Tenth Circuit, in <u>Johnson v. Riddle,</u> specifically addressed the requirement that the procedures be adapted to avoid the error: "As the text of <u>§ 1692k(c)</u> indicates, the procedures component of the bona fide error defense involves a two-step inquiry: first, whether the debt collector 'maintained'-*i.e.*, actually employed or implemented-procedures to avoid errors; and, second, whether the procedures were 'reasonably adapted' to avoid the specific error at issue." <u>Johnson v. Riddle</u>, 443 F.3d 723, 729 (10th Cir.2006).

The Defendant has provided direct evidence that the representatives leaving voicemail messages for consumers were provided specific training on the topic as part of a two week classroom training program. (See Docket No. 56, Attachment #2, ¶25). The representatives leaving the voicemail messages were also tested on the proper content of the voicemail message to be left in the circumstance presented. Each passed the test. (See Docket No. 56, Attachment #2, ¶26). Each representative leaving the voicemail messages had a voicemail message script to follow posted and available at their desks. Defendant provided ongoing training to these representatives where it used a digital call recording system to review the content of calls with the representatives to ensure compliance with applicable laws and policies of Defendant.

Each level of policy, instruction, supervision and review described aforesaid was directly targeted to avoid the occurrence complained of by the Plaintiff. Plaintiff has offered no evidence that the procedures described herein were insufficient or not reasonably adapted to avoid the occurrence of the error. Where Defendant has shown by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, the burden shifts to establish that the violation of the Act was intentional or alternatively, that the

procedures were not reasonable and/or were not adapted to avoid the error. Plaintiff has provided no such evidence.

## V.

### NELSON & KENNARD IS EXEMPT FROM LIABILITY UNDER CALIFORNIA'S ROSENTHAL ACT.

California Civil Code §1788.2(c) expressly excludes "an attorney or counselor of law" from liability under the Rosenthal Act. "A creditor's counsel retained for the purpose of collecting a debt is not a 'debt collector' within the meaning of the Rosenthal Act." *Owings v. Hunt & Henriques* 210 WL 3489342 at *3 (rejecting the contention that Section 1788.2(c) exempts lawyers but not law firms and holding that "Hunt cannot be liable under the Rosenthal Act"; But see *Abels v. JBC Legal Group* 227 F.R. D 541, 548 and (N.D. Cal. 2005) explaining that the Rosenthal Act does not "outright exclude law firms.")

Defendant Nelson & Kennard operates as a general partnership. (Docket No. 56, Attachment #2, ¶1; Defendant's Answer to Complaint, ¶10 (Docket No. 11)). Partners are jointly and severally liable for the obligations of the partnership. California Corporations Code §16306(a).

In the context of a general partnership, no good cause exists for the distinction suggested in *Abels*, *Id.* In no case cited by Plaintiff is this distinction addressed. That is because there is no cognizable distinction. Business entities such as corporations are generally provided a layer of protection insulating the

personnel from personal liability for the obligations of the business entity. As noted above, in the context of a general partnership, no such layer of insulation exists. In the context of a general law partnership, for purposes of liability under the Act, there is no distinction between the business entity and its attorneys.

Accordingly, Defendant NELSON & KENNARD, a law partnership, respectfully urges the Court to adopt the holding in *Owings v. Hunt & Henriques*, *supra*, and conclude that in the context of a general law partnership, there is no distinction between the business entity and its lawyers, for liability purposes, and therefore the partnership and its lawyers are exempt under California's Rosenthal Act pursuant to the provisions of California Civil Code §1788.2(c).

## VI.

### SUMMARY OF RELIEF REQUESTED.

Defendant and provided un-rebutted evidence that the Plaintiff, at all times relevant, had actual knowledge of the identity of the caller and the purpose of the call with respect to the voicemail messages complained of in Plaintiff's Complaint. Even from the prism of the least sophisticated consumer armed with this knowledge, The Plaintiff cannot show that Defendant engaged in any abusive, deceitful, false or misleading conduct. The messages complained of clearly stated they were from a law firm and did not impart any information about a debt. Moreover, Plaintiff had actual knowledge

of the caller's identity and purpose of the call. As such, the messages were not communications as defined by the FDCPA.

Even if the caller, under these facts, was required to include in the message that the call was from a debt collector, Defendant has demonstrated, without rebuttal, that the omission was unintentional and a product of human error, despite robust policies, training, procedures and scripts reasonably adapted to avoid such errors. For these reasons, Defendant's Motion for Summary Judgment should be granted and Plaintiff's case dismissed, with prejudice.

In addition, Defendant submits that as lawyers, they are exempt from application of California's Rosenthal act. For this additional reason, Defendant's motion for Summary Judgment should be granted as to Plaintiff's Rosenthal Act claim and the claim should be dismissed, with prejudice.

Respectfully Submitted,

Dated: 03/08/13         By: //s// Robert Scott Kennard
                            Robert Scott Kennard
                            Attorney for Defendant
                            NELSON & KENNARD